IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL JERMAINE GREENE,

        Plaintiff,

v.                                          Civil Action No. 5:16CV51
                                                              (STAMP)
SIDNEY FEASTER and DOUG WHITE,

        Defendants.


                    **MEMORANDUM OPINION AND ORDER**
                  **ADOPTING AND AFFIRMING MAGISTRATE**
                **JUDGE'S REPORT AND RECOMMENDATION,**
              **GRANTING DEFENDANTS' MOTION TO DISMISS OR,**
                **ALTERNATIVELY, FOR SUMMARY JUDGMENT**
                   **OVERRULING PLAINTIFF'S OBJECTIONS AND**
              **DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

     The pro se[1] plaintiff, Michael Jermaine Greene ("Greene"),
filed this civil action asserting claims under 42 U.S.C. § 1983.
The case was referred to United States Magistrate Judge James E.
Seibert. The defendants filed a motion to dismiss or,
alternatively, for summary judgment. Magistrate Judge Seibert
issued a report recommending that the defendants' motion be
granted. The plaintiff filed objections to the report and
recommendation. He also filed a motion to voluntarily dismiss his
complaint. For the following reasons, the magistrate judge's
report and recommendation is adopted and affirmed, the defendants'
motion is granted, the plaintiff's objections are overruled, and

---

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1416 (10th ed. 2014).

the plaintiff's motion to voluntarily dismiss his complaint is denied.

## I. Background

Greene alleges that, while incarcerated at the Huttonsville Correctional Facility, he was pepper sprayed then not permitted to timely and thoroughly wash the irritant off. Greene claims that, while in his cell, he repeatedly activated his staff-call light without a response. The defendants then instructed Greene to stop hitting his call light. ECF No. 1-1 at 3. He then repeatedly kicked his cell door. Id. The defendants instructed Greene stop kicking his door. ECF No. 40-2. Greene then continued to kick his door, and the defendants pepper sprayed him. Id. The defendants then removed Greene from his cell and allowed him to shower. Id. Greene was then examined by medical staff and returned to his cell. Id.

Greene alleges he was not taken to the shower for at least five minutes and that he was not given enough time to shower. He further alleges that the next day he gave a nurse a request for a sick-call note, and that his request "went missing" in retaliation for his earlier noncompliance. Finally, Greene alleges that the incident and lack of followup medical care constitute deliberate indifference of his medical needs. He claims the defendants violated the Eighth Amendment by pepper spraying him, by

retaliating, and by being deliberately indifferent to his medical needs.

The defendants filed a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56. The magistrate judge entered a report recommending that the defendants' motion be granted as a motion for summary judgment. Greene then filed a motion for voluntary dismissal of his complaint. He also later filed timely objections to the magistrate judge's report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because Greene filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

To survive a motion to dismiss under Rule 12(b)(6), "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility

3

standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." Hall v. DirectTV, 846 F.3d 757, 765 (4th Cir. 2017). "[C]ourts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Id. "[A] [pleading] is to be construed liberally so as to do substantial justice." Id. (internal quotation marks omitted). Further, this Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). However, while the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." <u>Id.</u> If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

5

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

## III. Discussion

While the magistrate judge did not expressly consider qualified immunity, the defendants raise the issue in their motion to dismiss or, alternatively, for summary judgment. Accordingly, this Court considers the issue de novo.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Courts must consider two steps in determining whether an official is entitled to qualified immunity. Id. at 232. "First, a court must decide whether the facts that a plaintiff has alleged

. . . make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." <u>Id.</u> Courts need not determine whether a violation has occurred if the court finds the right at issue was not clearly defined. <u>Id.</u> at 236. For the reasons set forth below, this Court finds the defendants are entitled to qualified immunity because Greene fails to demonstrate that his Eighth Amendment rights were violated.

A. <u>Eighth Amendment</u>

The Eighth Amendment prohibits cruel and unusual punishment. This right extends to "the treatment an inmate receives in prison and the conditions under which he is confined." <u>Danser v. Stansberry</u>, 772 F.3d 340, 346 (4th Cir. 2014) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994)). To prove this kind of Eighth Amendment violation, the plaintiff must show: (1) an objectively serious deprivation of his rights; and (2) that subjectively the defendant prison official acted with a "sufficiently culpable state of mind." <u>Id.</u> (internal quotation marks omitted). Greene alleges the defendants violated his Eighth Amendment rights by using excessive force, by retaliating against his complaints regarding that use of force, and by failing to provide adequate medical care.

7

1. <u>Excessive Force</u>

"[T]he Eight Amendment forbids 'the unnecessary and wanton infliction of pain'" by a prison official. <u>Hill v. Crum</u>, 727 F.3d 312, 317 (4th Cir. 2013) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). To prove an excessive force claim, a plaintiff must show: (1) that the prison official's use of force was objectively harmful such that it violates contemporary standards of decency; and (2) that the prison official's use of force was not "applied in a good-faith effort to maintain or restore discipline," but was intended to "maliciously and sadistically . . . cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). It is the nature of the force used, and not the extent of the injury caused, that serves as the relevant inquiry. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 34 (2010). However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 37-38. Thus, "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." <u>Id.</u> at 38.

The magistrate judge concluded that Greene failed to state an excessive force claim. Greene alleges he repeatedly hit his call light after not receiving an initial response. He then kicked his door two or three times the defendants told him to stop or he would be pepper sprayed. While Green alleges he did not kick his door again after that, the Use of Force Review Committee's findings and

8

the defendants' use of force reports indicate that Greene was ordered multiple times to stop kicking his door and that he did not comply.  See ECF No. 40-2.  Only then did the defendants pepper spray Greene.  Although the magistrate judge concluded that Greene failed to state a claim, this Court further finds that there is no genuine factual dispute regarding whether Greene failed to comply with the defendants' commands.  Thus, this Court finds that the use of pepper spray by the defendants was "applied in a good-faith effort to maintain or restore discipline."  Hudson, 503 U.S. at 7. Accordingly, the defendants are entitled to summary judgment on Greene's excessive force claim.

2. Retaliation

To state a retaliation claim, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  "A claim of retaliation that fails to implicate any constitutional right 'lacks even an arguable basis in law,' and is properly subject to dismissal."  Id. (citation omitted) (quoting Neitzke, 490 U.S. at 328).

Greene offers only conclusory allegations that the defendants caused his sick-call note to go missing in retaliation for his earlier noncompliance with their commands.  These allegations do

not state a plausible claim that the defendants caused his note to go missing. Further, Greene fails to allege that the defendants caused his note to go missing in retaliation for the exercise of a constitutional right. In his objections, Greene argues that the retaliation occurred after he filed his complaint. However, he fails to offer sufficient factual allegations to support such a claim and has not sought to amend his complaint to include any such additional allegations. Accordingly, Greene's retaliation claim must be dismissed.

3. <u>Deliberate Indifference</u>

The magistrate judge concluded that Greene failed to state a claim for deliberate indifference. Greene did not object to this conclusion. Accordingly, the magistrate judge's conclusions as to this issue will be reviewed for clear error.

Corrections officers violate the Eighth Amendment if they were deliberately indifferent to a risk of substantial harm to an inmate. <u>Farmer v. Brennan</u>, 511 U.S. 825, 833, 834 (1994). To show such a claim, the plaintiff must show: (1) that he suffered a "serious or significant physical or emotional injury"; and (2) that [the] offic[er]s were deliberately indifferent to a known risk of such injury. <u>Danser v. Stansberry</u>, 772 F.3d 340, 346-47 (4th Cir. 2014). To show that a prison official acted with deliberate indifference, the plaintiff must show two things. First, "that the official in question subjectively recognized a substantial risk of

harm. It is not enough that the officers should have recognized it; they actually must have perceived the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis in original). Second, "that the offic[er] . . . subjectively recognized that his actions were inappropriate in light of that risk . . . . [I]t is not enough that the offic[er] should have recognized that his actions were inappropriate; the offic[er] actually must have recognized that his actions were insufficient." Id. (internal quotation marks omitted) (emphasis in original). Knowledge of the risk may be inferred, but the risk "must be so obvious that the fact-finder could conclude that the [official] did know of it because he could not have failed to know of it." Id. (internal quotation marks omitted) (emphasis in original). Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835.

Greene was exposed to pepper spray then taken to a shower for decontamination after a delay of a few minutes. He was then examined by a nurse, who found no injuries. Further, Greene does not allege his exposure to pepper spray led to some lasting physical reaction or injury. These allegations do not constitute serious or significant physical or emotional injury. See, e.g., Siggers v. Renner, 37 F. App'x 138, 140-41 (6th Cir. 2002) (concluding that use of pepper spray to force an inmate's

11

submission to a haircut did not constitute a serious injury because the inmate was decontaminated and examined by a nurse). Thus, this Court finds no clear error in the magistrate judge's conclusions.

B.  Motion for Voluntary Dismissal

Greene filed a motion to voluntarily dismiss his complaint for "improper venue." He states that the Northern District of West Virginia is not the proper venue for this action, and that he will refile his complaint in the Southern District. However, the Huttonsville Correctional Center is located in Huttonsville, Randolph County, West Virginia, within the Northern District of West Virginia. Because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this district, venue is proper in this Court. 28 U.S.C. § 1391(b)(2). Accordingly, Greene's motion to voluntarily dismiss his complaint for improper venue is DENIED.

IV.  Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 57) is ADOPTED AND AFFIRMED. The defendants' motion to dismiss or, alternatively, for summary judgment (ECF No. 39) is GRANTED, Greene's motion for voluntary dismissal (ECF No. 59) is DENIED, and Greene's objections to the report and recommendation (ECF No. 61) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 16, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE